**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DURA GLOBAL,
TECHNOLOGIES, INC.,
et al.,

            **Plaintiffs,**                  **CIVIL ACTION NO. 07-CV-10945-DT**

     **vs.**

                                **DISTRICT JUDGE SEAN F. COX**

MAGNA DONNELLY         **MAGISTRATE JUDGE MONA K. MAJZOUB**
CORP.,

            **Defendant.**
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION**
**TO DISMISS COUNT 9 OF DURA'S SECOND AMENDED COMPLAINT**
**AND**
**GRANTING IN PART AND DENYING IN PART PLAINTIFFS'**
**MOTION TO COMPEL**

**1.**     **Facts, Claims, and Procedural History**

This matter comes before the Court on Defendant's Motion to Dismiss Count 9 of Dura's

Second Amended Complaint filed on February 18, 2008 (docket no. 67), and on Plaintiffs' Motion to

Compel filed on February 27, 2008 (docket no. 76). The parties have fully briefed the issues in these

motions. The district court referred these motions for decision. (Docket nos. 72, 77). The Court

dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for

ruling.

This Court entered an Order on December 6, 2007 requiring Plaintiffs to file a list of the trade

secrets that are the subject of its claim for misappropriation of trade secrets. (Docket no. 54). This

Court also stayed discovery of Defendant's trade secret information until after Plaintiffs filed their list

of trade secrets. (*Id.*). Plaintiffs filed their list of trade secrets under seal on January 24, 2008. (Docket

no. 67, ex. B). Defendant contends that Plaintiffs' list does not identify with reasonable particularity the

trade secrets at issue and thereby violates this Court's December 6 Order. As a result, Defendant moves for dismissal of Count 9 of Plaintiffs' Amended Complaint, the misappropriation of trade secrets claim, or for an order compelling Plaintiffs to file a more particularized list of trade secrets, a stay of discovery, and sanctions. (Docket no. 67).

Plaintiffs, on the other hand, filed their Motion to Compel Defendant to supplement its responses to Plaintiffs' Amended First Set of Requests for the Production of Documents and Things served on September 11, 2007 and to Plaintiffs' Amended First Set of Interrogatories served on September 11, 2007. (Docket no. 76). This motion is related to the earlier motion because Defendant refused to respond in large part because of Plaintiffs' alleged failure to file a sufficiently particularized list of trade secrets.

Both motions at issue rely upon Fed. R. Civ. P. 37 which provides authority for the Court to grant a motion to compel and award sanctions including the striking of pleadings in whole or in part.

## 2.    Analysis–Defendant's Motion to Dismiss

This Court in its earlier Order explained that in trade secret cases the party alleging that a misappropriation has occurred, in this case Plaintiffs, are normally required first to identify with reasonable particularity the matter which it claims constitutes a trade secret before it will be allowed to compel discovery of its adversary's trade secrets. (Docket no. 54 at 4). This Court earlier found that the trade secret must be identified "clearly, unambiguously, and with specificity." (*Id.* at 5). In the earlier Order, this Court also rejected Plaintiffs' reliance upon *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398 (6th Cir. 2006), for the proposition that a plaintiff need not identify the material, compilation, or information that it claims is the trade secret. (*Id.* at 6). That case stands for the proposition that when the trade secret is a combination or compilation of information containing both

secret and non-secret material, the plaintiff is not required to identify the components which it claims are secret. (*Id.*).

The reasonable particularity standard requires that the alleged trade secret be described "with adequate specificity to inform the defendants what it is alleged to have misappropriated." *Sit-Up Ltd. v. IAC/InteractiveCorp.*, 2008 WL 463884, slip copy at *11 (S.D.N.Y. Feb. 20, 2008). Another court defined reasonable particularity to mean that the adversary party is put on notice of the nature of the claims and that the party can discern the relevancy of any requested discovery on its trade secrets. *DeRubeis v. Witten Tech., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007). As an example of the specificity required, in *Imax Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1167 (9th Cir. 1998), the court considered whether trade secrets had been identified with reasonable specificity in a case in which Imax raised trade secret claims against a competing projector manufacturer. The court held that "reasonable specificity could only be achieved by identifying the precise numerical dimensions and tolerances as trade secrets." The description by Imax of "including every dimension and tolerance that defines or reflects that design" was not sufficiently specific. (*Id.*). In *Mike's Train House* the trade secrets found to be sufficiently specific were design drawings including tolerances (the acceptable degree to which the completed part could deviate from the design dimensions), data and reference points, clearances, pivot points, spring tensions, and specific alloys. 472 F.3d at 410.

Plaintiffs' List of Trade Secrets is, of course, filed under seal. (Docket no. 67, ex. B). In order to preserve the secrecy required for such material, the Court is limited as to its discussion of the contents of that list. However, as judged from the standard of reasonable particularity set by the above cases, Plaintiffs' list does not describe their trade secrets with reasonable particularity. Rather than a list of trade secrets, Plaintiffs' submission is better described as a brief identifying areas to which their trade secrets relate and describing how Defendant allegedly misappropriated the trade secrets which are

described in general terms, such as "business strategies and inside information," interspersed with more specific information which identifies particular trade secrets. Plaintiffs must create a list rather than a document in the style of a brief. The list should omit general references such as control plans, process plans, design reviews, drawings and work instructions and replace them with specific references to concrete documents. Plaintiffs argue in their Response brief that Defendant would have the Court order it to list virtually thousands of trade secrets. (Docket no. 83 at 8). If Plaintiffs are claiming the misappropriation of each of these thousands of trade secrets, such a list is required by the reasonable particularity standard, with the exception noted above regarding trade secrets which are compilations of secret and non-secret information for which the secret information need not be specifically identified. However, the compilation itself must be identified with reasonable particularity. *See Sit-Up Ltd.*, 2008 WL 463884 at *11.

Defendant has not shown that the sanction of dismissal of Count 9 of Plaintiffs' Complaint is warranted. *See Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366-67 (6th Cir. 1997) (setting out four-factor test for determining whether dismissal is appropriate). The Court will grant Defendant's Motion to the extent that it asks the Court to compel Plaintiffs to particularize their claims and deny Defendant's Motion otherwise. Plaintiffs are warned however that sanctions may hereafter be awarded for failure to list their trade secrets with reasonable particularity.

**3.      Analysis–Plaintiffs' Motion to Compel**

As stated above, this Court in its earlier Order made clear that discovery will proceed on Plaintiffs' misappropriation of trade secrets claim first by the disclosure by Plaintiffs of their trade secrets. This has not yet been accomplished. The stay granted by this Court's earlier Order applied to the "discovery of Defendant's trade secret information." (Docket no. 54 at 11). Therefore, the Court

will not yet compel Defendant to respond to Plaintiffs' discovery which requires disclosure of its own trade secrets. However, this is not a grant of immunity to Defendant for all discovery requests.

Plaintiffs show that they served a set of production requests and a set of interrogatories on Defendant on September 11, 2007. (Docket no. 76, exs. B, C). Defendant responded and produced some documents but also objected based in part on the fact that Plaintiffs had not yet listed their trade secrets with reasonable particularity. Plaintiffs argue that Defendant is improperly using this argument to justify not responding to discovery on issues unrelated to the claim of misappropriation of trade secrets. To the extent that Plaintiffs' discovery requests do not require disclosure of Defendant's trade secrets, Defendant should properly respond, or supplement its responses already served, pursuant to the Rules of Civil Procedure. Plaintiffs' Motion to Compel will be granted to this extent but otherwise be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (docket no. 67) is **GRANTED IN PART AND DENIED IN PART** as set out above. Plaintiffs must serve an Amended List of Trade Secrets on or before May 21, 2008.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (docket no. 76) is **GRANTED IN PART AND DENIED IN PART** as set out above. Defendant shall serve its supplemental discovery responses as set out above on or before May 21, 2008.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 14, 2008     s/ Mona K. Majzoub
            MONA K. MAJZOUB
            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  May 14, 2008     s/ Lisa C. Bartlett
            Courtroom Deputy