UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURA GLOBAL,
TECHNOLOGIES, INC.,
et al.,

      Plaintiffs,           CIVIL ACTION NO. 07-CV-10945-DT

vs.

                                   DISTRICT JUDGE SEAN F. COX

MAGNA DONNELLY         MAGISTRATE JUDGE MONA K. MAJZOUB
CORP.,

      Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

**1.    Facts, Claims, and Procedural History**

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents and Things Based on Waiver of Privilege filed on April 21, 2008. (Docket no. 100). The parties have fully briefed the issues in these motions. The district court referred this motion for decision. (Docket no. 101). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

In this action Plaintiffs allege that Defendant infringed their patents and misappropriated trade secrets related to sliding windows installed in vehicles. (Docket no. 7). In the present motion Plaintiffs contend that Defendant waived the attorney-client privilege as to the subject matter of communications between Defendant and Toyota. (Docket no. 100). This waiver allegedly occurred when Defendant's patent counsel disclosed to counsel for Toyota two attorney opinion letters relating to the patents at issue and whether Defendant's window infringed the patents of Plaintiffs.

Toyota[1] then produced these two letters to counsel for Plaintiffs pursuant to a subpoena served by Plaintiffs' counsel. Plaintiffs have not yet received Defendant's privilege log, however they contend that based on Defendant's discovery responses to date Defendant appears to be withholding documents related to the subject matter of these two letters. Plaintiffs seek to compel the production of these unknown documents by this motion.

Defendant contends that no waiver has occurred either by its disclosure of the opinion letters to Toyota or by Toyota's subsequent production to Plaintiffs. (Docket no. 109). It relies upon the exception to waiver provided by the common interest privilege. Plaintiffs argue in their Reply brief that the common interest privilege does not apply. (Docket no. 114).

**2.     Governing Law**

The parties disagree on whether Sixth Circuit law or Federal Circuit law controls. Although this case involves patent law for which the Federal Circuit holds appellate jurisdiction, the Federal Circuit applies regional circuit law to determine "waiver by the disclosure of privileged material." *GFI Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001); *In re Regents of the University of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996). The parties do not cite any controlling Sixth Circuit authority and the Court has found none. Therefore, the Court will decide the issues as it believes the Sixth Circuit would decide them.

The parties agree that the common interest privilege permits the disclosure of privileged communication without waiving the privilege, provided that the parties have "'an identical legal interest with respect to the subject matter of the communication.'" *MPT, Inc. v. Marathon Labels,*

---

[1] Both Plaintiffs and Defendant are suppliers of Toyota. (Docket no. 114, ex. A).

*Inc.*, 2006 WL 314435 slip copy at *6 (N.D. Ohio Feb. 9, 2006) (quoting *Libbey Glass, Inc. v. Oneida, Ltd.,* 197 F.R.D. 342, 347 (N.D. Ohio 1999)).

**3.     Analysis**

It is not disputed that Defendant's patent counsel, Mr. Porat, disclosed the two attorney opinion letters at issue to Mr. Mau, Intellectual Property Counsel for Toyota. The opinion letters are addressed to Mr. Porat and written by a law firm specializing in patent, trademark and copyright cases. (Docket no. 100, exs. C, D). The letters give the opinion of counsel relating to two patents held by Plaintiff and a window of Defendant that is proposed for Toyota. (*Id*.). Plaintiffs concede that Defendant "asked for confidentiality concurrently with the disclosure to Toyota." (Docket no. 114 at 5). Defendant's counsel states in a cover letter which accompanied the disclosure to Toyota that he is "sharing this opinion with [Mr. Mau] strictly on the basis of a joint defense privilege, since an offer of sale will be made to Toyota, and Toyota may purchase the subject power slider windows." (Docket no. 109, ex. A). Defendant's counsel further states in the cover letter that "[i]f the need arises for Toyota to disclose the contents of the opinion to a third party, please contact me. There is a good probability that we would permit such a disclosure, but of course we would need to understand the context in which the opinion is being disclosed." (*Id*.). Both the cover letter and the opinion letters are marked as confidential and privileged documents.

It also is not disputed that less than two months after the disclosure of these opinion letters to Toyota, Defendant agreed to indemnify Toyota for all claims by Plaintiffs related to the infringement of the patents at issue or misappropriation of trade secrets because of Toyota's use of Defendant's window. (Docket no. 109, ex. B). The letter documenting this agreement was written by Mr. Porat and sent to Mr. Mau for Toyota. (*Id*.).

Mr. Mau was also the attorney who responded for Toyota to Plaintiffs' subpoena. He produced the two opinion letters to Plaintiffs. (Docket no. 100, ex. B). There is no allegation that Mr. Mau notified Defendant or received permission from Defendant before he disclosed the letters to Plaintiffs.[2]

The critical issue is whether the initial release of the opinion letters to Toyota waived any claim of attorney client privilege held by Defendant. If Defendant's privilege survived this initial release, the later unauthorized disclosure by Toyota to Plaintiffs did not waive that privilege. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 817 (7th Cir. 2007) ("[P]rivileged status of communications falling within the common interest doctrine cannot be waived without the consent of all of the parties."); *In re Imperial Corp. of America*, 179 F.R.D. 286, 289 (S.D. Cal. 1998); *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 7 (D.D.C. 1995).

Both parties cite *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, in support of their arguments. In that action for trade dress infringement, the court found that the common interest exception did not prevent waiver of the attorney client privilege with respect to the documents at issue. The documents at issue concerned legal advice given to Oneida by its attorneys about the legal consequences of Oneida's purchase of glassware from another company, Pasabahce, whom Libbey claimed manufactured glassware duplicative of seven of Libbey's best-selling patterns. Oneida's employees disclosed to Pasabahce and a consultant the materials and information obtained from Oneida's counsel. Neither Pasabahce employees nor the consultant were represented by counsel at the time. In addition, there is no indication that the employees of Oneida who disclosed

---

[2] Plaintiffs state that Toyota disclosed the opinion letters "without even notifying" Defendant. (Docket no. 114 at 2).

the information were attorneys, and there was no evidence that the consultant or the Pasabahce employees understood the significance of the communications' privileged status or the potential consequences to Oneida of disclosure to them or of their disclosure to others. (*Id*. at 347).

In *Libbey Glass* the court concluded that because the parties took "no steps to safeguard the privilege," any privilege was waived. (*Id*. at 349). This failure to take steps to preserve confidentiality and the fact that only one participant in the exchanges, Oneida, used the services of counsel, were the primary considerations cited by the Court in finding that the privilege was waived. (*Id*. at 348-49). The court found alternatively that even if steps had been taken to avoid further disclosure, the communications were not privileged because they were ancillary to the principal activity the three parties were engaged in, namely the negotiation of an agreement for Pasabahce to make and for Oneida to buy and distribute glassware to compete with Libbey.

Plaintiffs argue that as in *Libbey Glass*, Defendant and Toyota were engaged in the principal activity of negotiating a business strategy rather than formulating a common legal strategy, and, therefore, the common interest doctrine does not apply. (Docket no. 114 at 5). This Court is not convinced. First, unlike the parties in *Libbey Glass*, Defendant took steps to ensure the confidentiality of the opinion letters. The opinions were appropriately marked as being confidential and privileged. The accompanying letter specifically stated that the opinion letters were shared strictly on the basis of a privilege. Defendant's patent counsel requested that he be contacted if the need arose to disclose the contents of the letters to a third party.[3] These communications and the

---

[3] Plaintiffs point out that there was no "common interest agreement" entered into between Toyota and Defendant regarding these opinion letters and that Defendant could have taken more steps to ensure that Toyota maintained the confidentiality of the opinions. Even if Defendant could have taken more steps, those taken were sufficient to prevent waiver of the privilege.

actual disclosures were made between intellectual property attorneys rather than non-attorney employees. Defendant's counsel could reasonably expect counsel for Toyota to maintain the confidentiality of the letters.

Second, the facts surrounding the disclosure in the present action show that the disclosures were made in connection with a common legal strategy rather than "a joint commercial venture" as found in *Libbey Glass*. In *Libbey Glass*, the disclosures were made by and to non-attorney employees who "had concerns" about the legal consequences of similarities in appearance of the glassware. (197 F.R.D. at 347). None of these employees understood the significance of guarding against disclosure of the legal opinions. (*Id*. at 348). In contrast, the communications presented to this Court between counsel for Toyota and Defendant deal exclusively with intellectual property issues rather than general business matters relating to Toyota purchasing these windows. The indemnification agreement revealed in the correspondence between these two attorneys shows that the disclosure of the attorney opinion letters was due to a common legal interest–avoiding any liability for Defendant's window infringing upon either of the patents of Plaintiffs. *See Johnson Electric North Am., Inc. v. Mabuchi North Am. Corp*., 1996 WL 191590 (S.D.N.Y. Apr. 19, 1996) (attaching privilege to customer of alleged infringer who was subject of discovery requests relating to shared legal opinion and who held indemnity agreement). The weight of authority holds that litigation need not be actual or imminent for communications to be within the common interest doctrine. *BDO Seidman, LLP*, 492 F.3d at 816 n.6. Finally, although there is some overlap between the legal issues of possible infringement and the larger business venture of Defendant selling its windows to Toyota, such an overlap does not "negate the effect of the legal interest in establishing

a community of interest." *In re Regents*, 101 F.3d at 1390 (quoting *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1172 (D.S.C. 1974)).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (docket no. 100) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:     May 27, 2008             s/Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 27, 2008         s/ Lisa C. Bartlett
                            Courtroom Deputy