**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DURA GLOBAL,
TECHNOLOGIES, INC.,
et al.,

       Plaintiffs,            CIVIL ACTION NO. 07-CV-10945-DT

vs.

                                   DISTRICT JUDGE SEAN F. COX

MAGNA DONNELLY          MAGISTRATE JUDGE MONA K. MAJZOUB
CORP.,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE
RELEASE OF CONFIDENTIAL INFORMATION
AND
DENYING PLAINTIFFS' MOTION TO PRECLUDE DAVID NESTELL FROM BEING
DESIGNATED AS AN INDEPENDENT EXPERT**

**1.     Facts, Claims, and Procedural History**

This matter comes before the Court on two motions. Defendant filed a Motion to Preclude Release of Confidential Information to Mr. Gerald Mossinghoff and to Prevent This Individual from Testifying as an Expert for Plaintiffs. (Docket no. 134). Plaintiffs have responded to that motion. (Docket no. 163). Defendant filed a Reply brief. (Docket no. 176). Plaintiffs filed a Motion to Preclude David Nestell from Being Designated as an Independent Expert or Consultant under the Protective Order. (Docket no. 135). Defendant responded to that motion. (Docket no. 168). Plaintiffs filed a Reply brief. (Docket no. 182). These motions have been referred to the undersigned for decision. (Docket no. 148). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

**2.     Defendant's Motion**

In this action Plaintiffs allege that Defendant infringed their patents and misappropriated trade secrets related to sliding windows installed in vehicles. (Docket no. 7). Defendant objected to Plaintiffs' notice that they intended to release confidential information to Gerald Mossinghoff because Mr. Mossinghoff was not disclosed as a witness for Plaintiffs. Defendant requests that the Court order that Plaintiffs may not release confidential information to Mr. Mossinghoff and order that Mr. Mossinghoff may not testify on behalf of Plaintiffs at trial. (Docket no. 134). Plaintiffs do not dispute that they have not named Mr. Mossinghoff as a witness by name, but show that they reserved the right to call rebuttal expert witnesses on its witness list. They also argue that Mr. Mossinghoff is a "qualified person" within the meaning of the protective order to which confidential information may be released. Plaintiffs contend that Defendant will not be prejudiced by allowing Mr. Mossinghoff to testify at trial as an expert because ample time remains before trial for discovery of his testimony. Finally, Plaintiffs argue that even if Mr. Mossinghoff is not allowed to testify, he may still act as a consultant for Plaintiffs and requires access to the confidential information in that role.

Putting aside for the moment the possibility of Mr. Mossinghoff testifying at trial, the Court finds persuasive Plaintiffs' argument that Mr. Mossinghoff's access to confidential information should not be prevented because he may advise them as a consultant. Defendant does not attack Mr. Mossinghoff's credentials as an expert in the field of patent law or contend that there is any reason particular to him or his position that precludes him from receiving confidential information under the protective order. Defendant's objection is that Mr. Mossinghoff has not been disclosed as a possible witness in this action. This is not a sufficient reason to order that he be precluded from receiving confidential information.

Defendant's request for this Court to bar Mr. Mossinghoff from testifying as a witness in this action is premature. The district judge's scheduling order allows the court "for good cause" to permit a party to list a witness in the joint final pretrial order that was not included on a previous witness list. (Docket no. 21 (incorporating E.D. Mich. LR 16.2(b)(8))). The joint pretrial order is not due in this action until one week prior to the final pretrial conference which is scheduled for November 17, 2008. (Docket no. 21). The parties do not know now whether any testimony from Mr. Mossinghoff will be required. Accordingly, the Court will deny this portion of Defendant's motion without prejudice to it being raised later in the proceeding.

3. **Plaintiffs' Motion**

Plaintiffs move to preclude David Nestell from being designated as an expert for Defendant. (Docket no. 135). Plaintiffs base their argument on their belief that Mr. Nestell is currently employed by a competitor, Morgan Olsen Corporation, which allegedly sells vans and parts including sliding windows. (*Id*.). This belief regarding Mr. Nestell's current employment arose because the resume for Mr. Nestell sent to Plaintiffs by Defendant reflected such employment for Mr. Nestell. However, Defendant now shows that this information was outdated and that currently Mr. Nestell is employed as a product development engineer for Light Corporation. He has been so employed since April 2007. (Docket no. 168 ex. A). Light Corporation "does not have any involvement in the development, manufacture or distribution of sliding glass windows for motor vehicles." (*Id*.). Because of this new information, Plaintiffs agree that Mr. Nestell does not create an unacceptable risk of economic injury to Plaintiffs. (Docket no. 182). Plaintiffs motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Preclude Release of Confidential Information to Mr. Gerald Mossinghoff (docket no. 134) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Preclude David Nestell from Being Designated as an Independent Expert (docket no. 135) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: __July 3, 2008_____          s/Mona K. Majzoub_____
                                                              MONA K. MAJZOUB
                                                               UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I certify that a copy of the foregoing document was served upon counsel of record via electronic and/or ordinary mail.

                                                                s/D. Opalewski for Lisa Bartlett
                                                                 Courtroom Deputy