# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DURA GLOBAL,
TECHNOLOGIES, INC.,
et al.,

        Plaintiffs,        CIVIL ACTION NO. 07-CV-10945-DT

  vs.

                                DISTRICT JUDGE SEAN F. COX

MAGNA DONNELLY          MAGISTRATE JUDGE MONA K. MAJZOUB
CORP.,

        Defendant.
_____/

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS DURA'S SECOND AMENDED COMPLAINT
AND
GRANTING DURA'S MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND
AMENDED LIST OF TRADE SECRETS
AND
GRANTING PLAINTIFFS' MOTION TO SEAL DOCKET NO. 136**

        **1.**        **Facts, Claims, and Procedural History**

        This matter comes before the Court on Defendant's Emergency Motion to Dismiss Dura's Second Amended Complaint filed on May 23, 2008 (docket no. 120), and on Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended List of Trade Secrets filed on June 2, 2008 (docket no. 136). The parties have fully briefed the issues in these motions. Plaintiffs' Motion to Seal Docket No. 136 (docket no. 139) is unopposed.[1] The district court referred these motions for decision.

---

[1] Plaintiffs' unopposed motion will be granted. Docket no. 141 is docket no. 136 filed under seal. Therefore, docket no. 141 is moot after the ruling on docket no. 136 and will be administratively terminated.

(Docket no. 147, 148, 149). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

In this action Plaintiffs allege that Defendant infringed their patents and misappropriated trade secrets related to sliding windows installed in vehicles. (Docket no. 7). These motions concern Plaintiffs' attempts to state its trade secrets with reasonable particularity as previously ordered by this Court. (Docket nos. 54, 112). In this Court's December 6, 2007 Order this Court found that "Plaintiffs have not specified the trade secrets which they allege Defendant misappropriated with the reasonable particularity required for relevant discovery to take place of Defendant's trade secrets." (Docket no. 54 at 9). Similarly, in this Court's May 14, 2008 Order this Court found that "Plaintiffs' list [filed in response to the earlier Order] does not describe their trade secrets with reasonable particularity." (Docket no. 112 at 3). Plaintiffs were ordered to file an amended list of trade secrets by a date certain and warned that "sanctions may hereafter be awarded for failure to list their trade secrets with reasonable particularity." (*Id*. at 4).

Plaintiffs filed their amended list of trade secrets on May 21, 2008. (Docket no. 118). On May 23, 2008 Defendant filed the present motion to dismiss Plaintiffs' Second Amended Complaint as a sanction for Plaintiffs' alleged failure in its amended list of trade secrets to describe their trade secrets with reasonable particularity, in violation of this Court's December 6, 2007 and May 14, 2008 Orders. (Docket no. 120). On June 2, 2008 Plaintiffs' filed their motion for leave to file their second amended list of trade secrets. (Docket no. 136). The parties disagree on whether Plaintiffs have stated with reasonable particularity the trade secrets at issue.

## 2. Governing Law

Rule 37(b)(2), Fed. R. Civ. P., under which Defendant moves for sanctions against Plaintiffs, allows the Court in the district where the action is pending to sanction a party if the party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Court may prohibit the disobedient party from supporting or opposing designated claims or defenses and may strike pleadings in whole or in part. (*Id.*). A finding of willfulness or bad faith is not required when the sanction under Rule 37(b)(2) is less than the ultimate sanction of dismissal of the complaint. *Venture Funding, Ltd. v. United States*, 190 F.R.D. 209, 212 (E.D. Mich. 1999).

## 3. Plaintiffs' Motion for Leave to File Second Amended List of Trade Secrets

Plaintiffs seek leave to file their amended list of trade secrets which will "simplify and condense their trade secret list to six trade secrets" to conform to the evidence they currently have and expect to present at trial. (Docket no. 136 at 3). The Court will grant this motion which is Plaintiffs' third attempt to state their trade secrets with reasonable particularity in this action.

## 4. Defendant's Motion for Sanctions

Upon the granting of Plaintiffs' motion the question is whether their six listed trade secrets in their second amended list are stated with reasonable particularity. If not, the question is whether under Rule 37 sanctions should be imposed and, if so, the extent of those sanctions.

This Court in its earlier Orders of December 6, 2007 and May 14, 2008 cited relevant cases describing the reasonable particularity standard and giving examples of the particularity required. (Docket nos. 54, 112). The Court specifically noted that Plaintiffs must submit a list rather than a document in the style of a brief. (Docket no. 112 at 4). General references were to be omitted and replaced by specific references to concrete documents. (*Id.*). In addition to the cases cited and the

specific directions given by this Court, this Court held a conference with counsel on May 15, 2008 on Plaintiffs' request for further direction on how to list its trade secrets with reasonable particularity. During this conference the Court directed Defendant's counsel to provide Plaintiffs' counsel with a copy of a trade secret listing that Defendant was ordered to file in a different action. (Docket no. 120 ex. D). Plaintiffs were instructed that this was an example of the level of specificity required in their listing of trade secrets.

Plaintiffs second amended list of trade secrets continues to use vague, general language to describe trade secrets such as "information related to Dura's confidential employee information" in the first trade secret; "Dura's costing information and creation of 'Lessons Learned' database for key upcoming rear backlight programs" in the second trade secret; and "[c]onfidential customer [i]nformation" in the third trade secret. (Docket no. 136 at 3). Such vague and general descriptions fail to state with reasonable particularity the trade secrets at issue in this action.[2] Plaintiffs have violated this Court's prior Orders (docket nos. 54, 112) by failing to describe trade secrets 1-3 with reasonable particularity. Trade secrets 1-3 of Plaintiff's second amended list of trade secrets will be stricken pursuant to Rule 37(b)(2)(A). Plaintiffs' listing and description of trade secrets four, five, and six are more specific. They will not be stricken. Plaintiffs have been afforded several opportunities to state the trade secrets at issue in this action with reasonable particularity. The time has come to provide Defendant with some assurance that the trade secrets listed are those that it is

---

[2] Plaintiffs' statement in their brief that a more specific description of the trade secrets at issue and how they were misappropriated are contained in the attached expert report by Dr. Stein (docket no. 136 at 4) fails to save Plaintiffs' defective listing. This Court ordered Plaintiffs to produce a list of trade secrets in which the trade secrets are stated with reasonable particularity–not a list containing vague and general descriptions along with an attached expert report written in brief style which, while discussing trade secrets, includes much information irrelevant to the issues raised by these motions.

accused of misappropriating and prevent further prejudice that arises from Plaintiffs' failure to properly identify them. With that in mind, this Court will not look with favor upon a future attempt by Plaintiffs to amend this list of trade secrets.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Dura's Second Amended Complaint (docket no. 120) is **GRANTED** to the extent that trade secrets 1-3 of Plaintiffs' second amended list of trade secrets as set out in docket no. 136 are stricken, and is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended List of Trade Secrets (docket no. 136) is **GRANTED.** Plaintiffs shall file this list as limited above on or before July 23, 2008.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal Docket No. 136 (docket no. 139) is **GRANTED.** The Clerk is directed to terminate the motion designated as docket no. 141 and to remove docket no. 136 from the publicly available ECF database.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  July 11, 2008                               s/Mona K. Majzoub
                                                                                      MONA K. MAJZOUB
                                                                                      UNITED STATES MAGISTRATE JUDGE

I certify that a copy of the foregoing document was served upon counsel of record via electronic and/or ordinary mail.

                                                                                    s/D. Opalewski for Lisa Bartlett
                                                                                     Case Manager