**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DURA GLOBAL,**
**TECHNOLOGIES, INC.,**
**et al.,**

       **Plaintiffs,**             **CIVIL ACTION NO. 07-CV-10945-DT**

   vs.

                                  **DISTRICT JUDGE SEAN F. COX**

**MAGNA DONNELLY**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORP.,**

       **Defendant.**
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL

**1.**    **Facts, Claims, and Procedural History**

This matter comes before the Court on Defendant Magna Donnelly's Motion to Compel filed on July 9, 2008. (Docket no. 204). The parties have fully briefed the issues in this motion. (Docket nos. 247, 278). The district court referred this motion for decision. (Docket no. 240). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

In this action Plaintiffs allege that Defendant infringed their patents and misappropriated trade secrets related to sliding windows installed in vehicles. (Docket no. 7). Defendant moves in the instant motion to compel Plaintiffs to provide complete responses to Defendant's Second Interrogatories to Plaintiffs which were served on April 10, 2008. (Docket no. 204 ex. A). This set of Interrogatories consisted of Interrogatory 17 and 18. (*Id*.). Each interrogatory asks several questions regarding each document produced by Plaintiffs "relating to" Plaintiffs' allegations of patent infringement (No. 17) and to Plaintiffs' allegations of trade secret misappropriation (No. 18).

Plaintiffs served partial responses (by responding to both interrogatories based on the first 10 documents Plaintiffs produced) and objections to these interrogatories on May 13, 2008. (Docket no. 204 ex. B). Defendant filed this Motion to Compel on July 9, 2008. Discovery closed in this action on June 2, 2008. (Docket no. 21). The Court's scheduling order provides that no motions may be filed after July 6, 2008. (*Id.*).

Plaintiffs argue that Defendant's Motion should be denied because: (1) Interrogatory Nos. 17 and 18 violate Fed. R. Civ. P. 33(a) by exceeding the number of permitted interrogatories; (2) these interrogatories improperly seek pure legal conclusions in violation of Rule 33; (3) they also attempt to limit Plaintiffs' compliance with the Federal Rules; and (4) Defendant's Motion violates the Court's scheduling order which prohibits the filing of motions after July 6, 2008. (Docket no. 247).

**2.    Governing Law**

Rule 37(a), Fed. R. Civ. P., allows the Court to grant motions to compel disclosures or discovery. The Court exercises broad discretion in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991).

**3.    Analysis**

Defendant filed this Motion to Compel on July 9, 2008 after the July 6, 2008 filing deadline set by the Court's October 2, 2007 scheduling order. (Docket no. 21). Defendant wholly failed to respond to Plaintiffs' argument that this Motion should be denied because of its tardy filing. Defendant therefore has offered no excuse for this late filing nor shown any cause, much less good cause, for not complying with the scheduling order. Plaintiffs served their responses and objections almost two months prior to the filing of Defendant's motion. Defendant therefore had sufficient

time to file this motion in a timely manner, but failed to do so. Under these circumstances, the Court finds that Defendant's Motion to Compel should be denied.

Moreover, the Court agrees with Plaintiffs' contention that these Interrogatories are improper because they violate the limitation on interrogatories set by Fed. R. Civ. P. 33(a). Rule 33(a) provides that a party may generally serve on another party no more than 25 written interrogatories, including all discrete subparts. "Discrete subparts" of an interrogatory are questions which ask for discrete pieces of information. *See Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993). Because of the manner in which Defendant drafted Interrogatory nos. 17 and 18, requesting information regarding each document produced by Plaintiffs, each interrogatory seeks hundreds if not thousands of discrete pieces of information.[1] Therefore, the Court will not compel Plaintiffs to respond with any more information than they have already provided.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (docket no. 204) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 18, 2008       s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant states that Plaintiffs have served in excess of 17,000 documents upon Defendant. (Docket no. 204 at 6).

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 18, 2008                      s/ Lisa C. Bartlett
                                                         Courtroom Deputy