UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURA GLOBAL,
TECHNOLOGIES, INC.,
et al.,

        Plaintiffs,        CIVIL ACTION NO. 07-CV-10945-DT

  vs.

                              DISTRICT JUDGE SEAN F. COX

MAGNA DONNELLY        MAGISTRATE JUDGE MONA K. MAJZOUB
CORP.,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION
FOR APPROPRIATE RELIEF**

**1.    Facts, Claims, and Procedural History**

This matter comes before the Court on Plaintiffs' Motion for Appropriate Relief for Documents Wrongfully Withheld filed on July 6, 2008. (Docket no. 198). The parties have fully briefed the issues in this motion. (Docket nos. 253, 287). The district court referred this motion for decision. (Docket no. 230). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

In this action Plaintiffs allege that Defendant infringed their patents and misappropriated trade secrets related to sliding windows installed in vehicles. (Docket no. 7). In the instant motion Plaintiffs contend that Defendant improperly withheld documents until the close of discovery and still has not properly responded to some discovery requests. As relief, Plaintiffs request an order compelling Defendant to provide complete responses to the outstanding discovery, granting leave for Plaintiffs to amend their complaint and trade secret list, modifying the protective order in the case to allow Plaintiffs to share discovery with state and federal prosecutors, issuing a preliminary

injunction, and striking Defendant's defenses to Count 9 of Plaintiffs' Complaint. (Docket no. 198). Defendant responds by arguing that it has properly responded to all of Plaintiffs' discovery requests and that Plaintiffs have failed to show any wrongdoing to support any of the relief requested by this motion. (Docket no. 253).

**2.     Governing Law**

Rule 37(a), Fed. R. Civ. P., allows the Court to grant motions to compel disclosures or discovery. The Court exercises broad discretion in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991).

**3.     Analysis**

The premise of Plaintiffs' motion is that Defendant "wrongfully withheld until just before and after close of discovery, thousands of documents that conclusively show that [Defendant] misappropriated and misused [Plaintiffs'] trade secrets." (Docket no. 198, memo at 1). Plaintiffs also contend that "thousands of documents" remain to be produced. (*Id*. at 2).

Defendant does not dispute that it produced documents relating to Plaintiffs' alleged trade secrets close to or just beyond the close of discovery. (*Id*. at 5-6; docket no. 253, br. at 5). However, much of the delay in this production stemmed from Plaintiffs' delay in properly listing its trade secrets. This Court ordered on December 6, 2007 for Plaintiffs to provide particularized descriptions of its trade secrets that Defendant allegedly misappropriated. (Docket no. 54). This Court also stayed discovery of Defendant's trade secret information until after Plaintiffs' list was filed. (*Id*.). Plaintiffs filed their list of trade secrets, but this Court found that Plaintiffs had failed to describe their trade secrets with reasonable particularity. (Docket no. 112). This Court continued the stay of discovery on Defendant's trade secret information. (*Id*.). Plaintiffs then filed their 1st

Amended List of Trade Secrets (docket no. 118) but also moved to amend it. On July 11, 2008 this Court granted Plaintiffs' motion to amend their trade secret list but found that the even the amended list was not proper. (Docket no. 229). This Court therefore struck the non-conforming portions of Plaintiffs' list and noted that the Court would not look with favor upon a motion by Plaintiffs to amend this list. (*Id.*). The stay of discovery of Defendant's trade secret information was lifted at this time. (Docket no. 228). Discovery in this action closed on June 2, 2008. (Docket no. 21). Given this history, the blame for Plaintiffs not receiving their trade secret discovery responses in a timely manner rests with them rather than with Defendant.

Moreover, Defendant did produce documents to Plaintiffs prior to and just after the close of discovery. Plaintiffs make general allegations that Defendant has not properly responded to their discovery requests, but Plaintiffs fail to support this contention with specificity. Initially, Plaintiffs did not attach any discovery requests or responses to their motion as is required by this Court's local rule. E.D. Mich. LR 37.2 (requiring in the motion or in attached memorandum a verbatim recitation of each discovery request, response, and objection or a copy of the actual discovery document). This Court cannot therefore find that Defendant failed to properly respond to any of these non-specific requests. The only specific discussion of improperly withheld documents in Plaintiffs' motion concerns the e-mails of former employees of Plaintiff Tim Cleveland and Kathy Guest. (Docket no. 198, memo at 13). Defendant shows that it has produced 138 documents responsive to this request for Cleveland and 164 for Guest. (Docket no. 253 ex. 14). Plaintiffs fail to argue that these documents are not responsive or that other responsive documents exist. Therefore, Plaintiffs have failed to show that Defendant has failed to properly respond to any outstanding discovery request. Plaintiffs' motion to compel will therefore be denied.

The remaining requests for relief of Plaintiffs arise from their allegations that the discovery that has been produced by Defendant shows conclusively that Defendant misappropriated and misused Plaintiffs' trade secrets. They proceed to summarize their conclusions regarding these documents. (Docket no. 198, memo. at 3-19). Defendant of course strenuously objects to the Plaintiffs' interpretation of this information. (Docket no. 253). Ultimately, whether these documents show misappropriation of Plaintiffs' trade secrets is a question for a summary judgment motion or for the jury. Plaintiffs have not shown at this point that this information conclusively shows wrongdoing by Defendant with regard to Plaintiffs' trade secrets. And, as discussed above, if Plaintiffs have been prejudiced by the late production of this allegedly damning evidence, such prejudice resulted from Plaintiffs' delay in properly listing their trade secrets. Therefore, the requests by Plaintiffs for leave to amend their complaint and trade secret list, to modify the protective order, to strike Defendant's defenses, and to issue a preliminary injunction will be denied.[1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Appropriate Relief (docket no. 198) is **DENIED.**

---

[1] Plaintiffs' motion for a preliminary injunction is procedurally improper because it was not made by separate motion. E.D. Mich. LR 65.1 (requiring such motions to be made by separate motion). This motion was referred pursuant to 28 U.S.C. § 636(b)(1)(A) for hearing and determination rather than for a Recommendation under section (b)(1)(B). If Plaintiffs wish to file a separate motion for injunctive relief, the denial of relief in this Order is without prejudice to such a separate motion. *See Finley v. George Weston Bakeries Dist., Inc.*, 473 F. Supp. 2d 105, 108 (D. Me. 2007) (requiring motion for preliminary injunction to be filed in separate motion pursuant to Fed. R. Civ. P. 65). For the purposes of this motion the Court finds that Plaintiffs have failed to show that they are likely to succeed on the merits of their trade secret misappropriation claim or that they will be irreparably harmed if an injunction does not issue. They have also failed to show that the balance of hardships tips in their favor or that the issuance of an injunction is in the public interest.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 18, 2008          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 18, 2008          s/ Lisa C. Bartlett
                                Courtroom Deputy