UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURA GLOBAL TECHNOLOGIES,
INC., DURA OPERATING CORP.,

    Plaintiffs,                                         Case No. 07-10945

v.                                                     HONORABLE SEAN F. COX
                                                       United States District Judge

MAGNA DONNELLY CORPORATION,
a/k/a DONNELLY CORPORATION,

    Defendant.
_____/

OPINION & ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [Doc. No. 354]

    Plaintiff Dura Global Technologies, Inc. ("Dura") filed this patent infringement, unfair competition, and trade secret misappropriation action on March 5, 2007 against Defendant Magna Donnelly Corporation, a/k/a Donnelly Corporation ("Donnelly"). On September 23, 2009, the Court denied Donnelly's "Motion for Summary Judgment of Noninfringement of U.S. Patent No. 5,724,769." [*See* Sept. 23, 2009 Opinion & Order, Doc. No. 347]. The matter is currently before the Court on Donnelly's Motion for Reconsideration [Doc. No. 352]. The Court declines to hear oral argument pursuant to Local Rule 7.1(h)(2). For the reasons below, the Court **DENIES** Donnelly's Motion for Reconsideration [Doc. No. 354].

STANDARD OF REVIEW

    The Court's local rule regarding motions for reconsideration states as follows, in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely presents the same issues

1

> ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

E.D. MICH. L.R. 7.1(h)(3) (emphasis added).

ANALYSIS

In its motion for reconsideration [Doc. No. 354], Donnelly advances three arguments: 1) that "the Court did not consider the prosecution history of the '769 patent in construing the claim limitations" of that patent [Def.'s Br., Doc. No. 354, p.1]; 2) that the Court did not appropriately consider the prosecution history due to "misleading statements made by the Plaintiffs, *Id.*; and 3) that the GMT900 power slider cannot infringe the terms of the '769 Patent under the doctrine of equivalents. *Id*. For the reasons that follow, the Court finds merit in none of these arguments.

Under its first argument, Donnelly argues that the Court's September 23, 2009 Opinion & Order [Doc. No. 347] did not properly take into consideration the prosecution history of that patent in determining the meaning of claim terms. [*See* Def.'s Br., Doc. No. 354, pp.3-7]. Again, under the Court's local rules, the Court will not grant motions for reconsideration "that merely present the same issues ruled upon by the Court, either expressly or by implication." E.D. MICH. L.R. 7.1(h)(3). In the Court's September 23, 2009 Opinion & Order, however, the Court *expressly* considered the '769 Patent's prosecution history. [*See* Doc. No. 347, pp.16-18]. To the extent that Donnelly's instant motion raises *new* arguments regarding the '769 Patent's prosecution history, the Court finds those arguments to have been *waived* due to Donnelly's failure to raise them before the Court in either its motion [Doc. No. 201], reply brief [Doc. No. 281], amended reply brief [Doc. No. 284], or supplemental reply brief [Doc. No. 338].

2

Donnelly's arguments to the contrary in this motion are without merit.

Under its second argument, Donnelly argues that "Dura's misleading statements" caused the Court to improperly interpret the claims of the '769 Patent. [*See* Doc. No. 354, p.7]. These "misleading statements," as Donnelly characterizes them, were made in Dura's response brief [Doc. No. 250], or in exhibits attached to that response brief. Donnelly, however, failed to raise the "misleading" nature of these statements in either its reply brief [Doc. No. 281], its amended reply brief [Doc. No. 284], or its supplemental reply brief [Doc. No. 338]. The Court therefore finds that these arguments by Donnelly were considered "by implication" in the Court's September 23, 2009 Opinion & Order [Doc. No. 347], and Donnelly's arguments to the contrary in this motion are without merit.

Donnelly's third and final argument is that "prosecution history estoppel precludes findings of infringement under the doctrine of equivalents." [*See* Def.'s Br., Doc. No. 354, p.10]. The Court finds this argument to be merely a repackaging of the same issues presented in Donnelly's original motion [Doc. No. 201], and is therefore improper for reconsideration in this motion under E.D. MICH. L.R. 7.1(h)(3). Donnelly's arguments to the contrary are without merit.

CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for reconsideration

[Doc. Nos. 354].

    **IT IS SO ORDERED**.

                                      S/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2010, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez  
                                      Case Manager