UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURA GLOBAL TECHNOLOGIES,
INC., DURA OPERATING CORP.,

    Plaintiffs,

v.

MAGNA DONNELLY CORPORATION,
a/k/a DONNELLY CORPORATION,

    Defendant.
_____/

Case No. 07-10945

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [Doc. No. 352]

    Plaintiff Dura Global Technologies, Inc. ("Dura") filed this patent infringement, unfair competition, and trade secret misappropriation action on March 5, 2007 against Defendant Magna Donnelly Corporation, a/k/a Donnelly Corporation ("Donnelly"). On September 18, 2009, the Court denied Donnelly's "Motion for Judgment on the Pleadings." [*See* Sept. 18, 2009 Opinion & Order, Doc. No. 345]. The matter is currently before the Court on Donnelly's "Motion for Reconsideration of Opinion and Order Denying Defendant's Motion for Judgment on the Pleadings" [Doc. No. 352]. The Court declines to hear oral argument pursuant to Local Rule 7.1(h)(2). For the reasons below, the Court **DENIES** Donnelly's motion for reconsideration [Doc. No. 352].

STANDARD OF REVIEW

    The Court's local rule regarding motions for reconsideration states as follows, in pertinent part:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

E.D. MICH. L.R. 7.1(h)(3) (emphasis added).

## ANALYSIS

In its motion for reconsideration [Doc. No. 352], Donnelly advances three arguments: 1) that recent case law has changed the standard for evaluating preemption issues under the Uniform Trade Secrets Act; 2) that Dura misstated facts in its response brief to the original motion; and 3) that recent case law has changed the standard for evaluating motions for judgment on the pleadings. For the reasons that follow, the Court find merit in none of these arguments.

I. <u>The Standard for Preemption Under the Uniform Trade Secrets Act.</u>

In the Court's September 18, 2009 Opinion & Order [Doc. No. 345], the Court laid out the standard for evaluating the possible preemption of common law claims under the Michigan Uniform Trade Secrets Act, M.C.L. § 445.1903 *et seq* ("MUTSA"). The Court's discussion of that standard, in its entirety, was as follows:

> *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F.Supp.2d 943 (W.D. Mich. 2003) was the first case to interpret the displacement provisions of MUTSA. *Bliss*, 270 F.Supp.2d at 946. *Bliss* held that courts must "examine whether the claim is based *solely* upon the misappropriation of a trade secret. If so, the claim must be dismissed." *Id*. (emphasis added). However, "[t]o the extent a cause of action exists in the commercial area *not* dependant on trade secrets, that cause continues to exist." *Id*. at 947 (emphasis in original). The court in *Bliss* denied summary judgment on claims for tortious interference and unfair competition, holding that those claims were "based upon wrongful conduct independent of the misappropriation of trade secrets" above and beyond their misappropriation claims. *Id*. at 950.

2

> Similarly, in *Wysong Corp. v. M.I. Industries*, 412 F.Supp.2d 612, 623-24 (E.D. Mich. 2005), this Court held that the plaintiff's claims for breach of fiduciary duty were not displaced by MUTSA, "because those claims were not based factually or legally on the misappropriation of secret information." The Court also refused to dismiss unjust enrichment and conspiracy claims which were based on the wrongful taking of Wysong's corporate opportunity *and* the theft of secret information. *Id*.

[Sept. 18, 2009 Opinion & Order, Doc. No. 345, p.6].

In its motion [Doc. No. 352], Donnelly argues as follows:

> The Court's holding interprets the standard to mean that the elements for the common law claim must have the exact same facts as the USTA claim in order to be preempted. However, more recent cases decided since Magna Donnelly's Motion for Summary Judgment have held that the standard for preemption under the USTA is more clearly defined by the "same facts" or "same proof" standard. Under this standard if proof of a non-USTA claim would also simultaneously establish a claim for misappropriation of trade secrets, <u>it is preempted irrespective of whatever surplus elements or proof were necessary to establish it.</u> *See, Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment & Mfg.*, 2009 WL 2495769 (N.D. Ohio)[]; *Cardinal Health 414, Inc. v. Adams*, 582 F.Supp.2d 967 (M.D. Tenn. 2008)[].
> Other recent cases have held that the USTA preempts common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim. *See K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal.App.4th 939 [] (March 3, 2009)[].

[Def.'s Br., Doc. No. 352, p.2 (emphasis in original)].

Aside from the fact that the three cases cited by Donnelly in this motion for reconsideration deal with *other* states' enactments of the Uniform Trade Secrets Act - and *not* Michigan's enactment, the facts of each of Donnelly's cited cases demonstrate why those cases are not controlling of the issues in this action.

In *Allied Erecting*, the Southern District of Ohio - interpreting Ohio's Uniform Trade Secrets Act - held that the plaintiff's claim for tortious interference with contract was displaced by OUTSA due to the fact that plaintiff's allegations were "based *entirely* on factual allegations

3

or misappropriation of trade secrets." *Allied Erecting*, 649 F.Supp.2d at 723 (emphasis added). In this case, as opposed to in *Allied Erecting*, this Court has already found that Dura's compliant "alleged facts independent of their MUTSA claim. . . ." [September 18, 2009 Opinion & Order, Doc. No. 345, p.8]. Donnelly's reliance upon *Allied Erecting* is therefore misplaced.

Similarly, in *Cardinal Health 414*, the Middle District of Tennessee found that the onus of that plaintiff's claim for civil conspiracy where that cause of action was merely a restatement of its claims under UTSA. *See Cardinal Health 414*, 584 F.Supp.2d at 985 ("Where, as here, the overarching substance of the plaintiff's allegation is that the defendants conspired to steal confidential and proprietary information, some of which may constitute a trade secret, the civil action for conspiracy is preempted by the TUTSA"). As the Court's September 18, 2009 Opinion & Order held that separate and distinct facts alleged by Dura supported causes of action for unfair competition and for intentional interference with a prospective economic advantage, Donnelly's reliance upon *Cardinal Health 414* is therefore misplaced.

Finally, in *K.C. Multimedia*, the California Court of Appeals held that the CUSTA "preempts common law claims that are based on the same nucleus of operative facts as the misappropriation of trade secrets claim for relief." *K.C. Multimedia*, 171 Cal.App.4th at 959. The *K.C. Multimedia* court then, however, found that the plaintiff's claims in that matter "*as a whole* rest[ed] on factual allegations of trade secret misappropriation." *Id*. As explained *supra*, this Court has already held that allegations separate and distinct from Dura's MUTSA claims support its common-law actions for unfair competition and for intentional interference with a prospective economic advantage. For these reasons, Donnelly's reliance upon *K.C. Multimedia* is misplaced.

4

II. Alleged Misstatements in Dura's Response Brief.

Donnelly's second argument in support of its motion for reconsideration is that Donnelly alleges that "Dura misstated facts that the Court relied upon in its ruling[,] thus creating a palpable defect in the Court's findings regarding Dura's complaint." [Def.'s Br., Doc. No. 352, p.2]. Donnelly elaborates as follows:

> . . . Dura, in its brief, omitted a portion of a sentence from Dura's Complaint that clearly shows that Dura's allegations in Counts 10 and 11 rely upon the same core facts of alleged trade secret misappropriation. . . . What Dura failed to state is the entire sentence, which reads as follows: "The hiring of Dura's former employees during the second round of bidding [on the GMT900 bid] gave Donnelly an unfair advantage ***and improperly utilized Dura's trade secrets***." (Emphasis added). In its entirety, this sentence clearly shows that Dura's common law claims are the same as Dura's trade secret misappropriation claim.

*Id.* at pp.3-4 (emphasis in original).

This argument borders on frivolity. The Court's September 18, 2009 Opinion & Order [Doc. No. 345] made very clear that *nothing was wrong with Dura's combined factual allegations* - which were done to provide the Court, and Donnelly as well, with a clear context for Dura's allegations. Further, the Court's Opinion & Order made *very clear* that independent facts existed in support of Dura's common-law tort claims. Donnelly's arguments to the contrary regarding a single sentence in Dura's complaint are without merit.

III. The Standard for Evaluating Motions for Judgment on the Pleadings.

Donnelly's third and final argument in support of reconsideration contends that, under *Ashcroft v. Iqual*, 129 S.Ct. 1937, Dura's cause of action must "state a claim to relief that is plausible on its face." [Def.'s Br., Doc. No. 352, p.4]. *Iqbal* was, of course, decided by the United States Supreme Court *after* Donnelly filed its original motion for judgment on the

5

pleadings.

To the extent that *Iqbal* changed the standard for properly pleading causes of action sufficient to survive a motion for judgment on the pleadings - as Donnelly now contests - the Court holds that Dura's causes of action in Counts 10 and 11 of its Complaint *are* "plausible" on their face. Donnelly's arguments to the contrary are without merit.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for reconsideration [Doc. Nos. 352].

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2010, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager