UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURA GLOBAL TECHNOLOGIES, INC.,
DURA OPERATING CORP.

        Plaintiff,

v.

MAGNA DONNELLY CORPORATION,
a/k/a DONNELLY CORPORATION

        Defendant.
_____/

Case No. 2:07-cv-10945

Honorable SEAN F. COX

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO ADD DEFENDANTS AND CHANGE THE CASE CAPTION (Dkt. Nos. 452-453)**

**I.    INTRODUCTION**

Currently before the Court is Dura's Motion to Add Defendants and Change the Case Caption. (Dkt. Nos. 452-453.) In this motion, Dura seeks to add five additional related Magna corporate entities to this case as defendants, specifically (1) Magna Exteriors and Interiors Corp., (2) Magna Exteriors and Interiors of America, Inc., (3) Magna Exteriors and Interiors USA, Inc., and (4) Magna Exteriors and Interiors America Holdings, Inc. (collectively "Magna Exteriors and Interiors"), and (5) Magna International, Inc. Dura states that these additional corporate entities need to be added to the lawsuit due to the fact that corporate reorganizations took place within the Magna family of companies transferring some or all of the "operational control" of the Engineered Glass divisions, which are business units involved in this lawsuit, to the Magna Exteriors and Interiors entities. In addition, because Magna Donnelly Corporation changed its name to Magna Mirrors of America, Inc., Dura moves to change the name of Magna Donnelly

1

Corporation to Magna Mirrors of America, Inc. Dura also seeks to add Magna International, Inc. as a defendant because Magna International, Inc. used the Magna Exteriors and Interiors as mere divisions and that the corporate veil between Magna International, Inc. and the Magna Exteriors and Interiors entities should be pierced.

Magna admits that Magna Donnelly Corporation changed its name to Magna Mirrors of America, Inc., and therefore Magna consents to changing the current defendant from Magna Donnelly Corporation to Magna Mirrors of America, Inc. However, Magna opposes adding the other Magna entities to this case because Dura has not established that a corporate reorganization or asset transfer took place, or that the entities sought to be added to this case have done anything wrong.

The parties have fully briefed the issues, and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated below, the Court **GRANTS** Dura's motion to add the additional entities as defendants and change the current defendant to Magna Mirrors of America, Inc. Dura shall file an amended Complaint within 10 days which shall set forth well pleaded facts establishing a plausible right to recovery against the Magna Exteriors and Interiors entities and Magna International, Inc.

## II. FACTUAL BACKGROUND

Dura's Complaint alleges that Magna Donnelly Corporation misappropriated Dura's trade secrets by hiring away key Dura employees and committed unfair competition. Magna Donnelly Corporation is currently the only defendant in this case.

In its motion, Dura alleges that Magna has gone through a corporate reorganization in which the business units principally responsible for the allegations in the Complaint have been

reassigned in whole or in part by Magna International, Inc. to the Magna Exteriors and Interiors entities. (Dura's Br. at p. 1, Dkt. No. 452.) Dura alleges that it has discovered that these business divisions, called the "Engineered Glass" divisions, were first transferred from Magna Donnelly Corporation to a "Decoma" corporate entity in March 2007 (*id*. at p. 1), and then "[a] second reorganization transferred the Decoma business into various divisions referred to collectively as Magna Exteriors and Interiors." (*Id*. at p. 1.) While Magna's Rule 30(b)(6) corporate representative was not sure of the exact "Decoma" corporate entity to first receive the Engineered Glass divisions, Dura argues and has produced supporting evidence that implicate Decoma International Corp. and Decoma International of America, Inc. based on corroborating facts. (Lomasney dep. at p. 20 ll. 15-21, Ex. A to Dura Br. Dkt. No. 452.) Dura alleges and has produced supporting evidence that a second reorganization of Decoma resulted in the Engineered Glass divisions being then transferred into various corporate entities referred to collectively as Magna Exteriors and Interiors. (*See, e.g.*, Dura Br. at p. 1, Dkt. No. 452) In support of its argument, Dura points to the deposition testimony of another Magna business executive Chris Bitsakakis, who is the General Manager of the Engineered Glass division in Holland, Michigan, specifically the following statement: "People still will use the Decoma name sometimes interchangeably, but our official name is 'Magna Exteriors and Interiors for the group I'm in.'" (Bitsakakis dep. at p. 9-10 ll. 24-2, Ex. B to Dura Br., Dkt. No. 452.)

As a theory of liability, Dura alleges that the Magna Exteriors and Interiors entities are proper defendants because they are liable as the successor to Magna Donnelly Corporation under the "mere continuation" doctrine. (Dura Reply Br. at p.1, Dkt. No. 463.)

As for why Magna International, Inc. should be a party to this case, Dura alleges and has

submitted evidence that Magna International, Inc. is the parent company for the Magna family of companies, and the evidence shows that Magna International, Inc. treats the other Magna companies as mere divisions. Dura also argues and has submitted supporting evidence to pierce the corporate veil.

In its response brief, Magna submitted a vague declaration from senior in-house counsel for Magna Mirrors of America, Inc. Joanne Horibe. (Ex. A to Dura Br., Dkt. No. 458.) Ms. Horibe's declaration states in relevant part:

> 2. I am the Senior Legal Counsel for Magna Mirrors of America, Inc.
>
> 3. The corporate name history of Magna Mirrors of America, Inc. is attached as Exhibit 1. Magna Donnelly and Donnelly Corporation are former corporate names of Magna Mirrors of America, Inc.
>
> 4. Effective March 14, 2007, the Engineered Glass divisions (including Holland Windows North, Holland Windows South and Magna Donnelly EuroGlas Systems, S.a.r.l.) of Magna Donnelly Corporation were "operationally incorporated" into the Trim Group of Decoma International Corp. (Now Magna Exteriors and Interiors Corp.). No changes in legal ownership occurred as part of this management reorganization.
>
> 5. Magna originally acquired Donnelly Corporation on October 1, 2002. There have been no asset transfers made by that company since that date.

Paragraph 4 of the Ms. Horibe's declaration supports Dura's position that the

Engineered Glass divisions which allegedly performed the wrongful acts have been at least been "operationally incorporated" within Magna Exteriors and Interiors Corp. Ms. Horibe does not explain what "operationally incorporated" means.

## V. ANALYSIS

Dura seeks to add additional related Magna corporate entities to this case as defendants. As authority to add additional defendants to this case, Dura directs the Court to Rule 20(a)(2) of the Federal Rules of Civil Procedure. Rule 20(a)(2) states:

> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

While Rule 20(a)(2) sets forth the standard for whether a plaintiff may join multiple defendants in one federal lawsuit, Rules 15 and 21 set forth the standard for allowing a party to amend its pleadings to add or remove parties to an ongoing lawsuit.[1] Rule 21 states:

> **Rule 21. Misjoinder and Nonjoinder of Parties**
>
> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

---

[1] The Sixth "Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action." *Broyles v. Correctional Med. Servs., Inc.*, 2009 WL 3154241, *3 (6th Cir. 2009). However, at this stage of this case, "the standards for adding parties are the same under both Rule 15 and Rule 21, because the plaintiff is required to obtain leave of court under both Rules." Moore's Fed. Practice, § 115.16[1] (3d ed. 2011).

Fed. R. Civ. P. 21. Rule 15(a)(2) states in pertinent part:

> **Rule 15. Amended and Supplemental Pleadings**
>
> **(a) Amendments Before Trial.**
>
> \*     \*     \*
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). Local Rule 15.1 sets forth additional requirements for any motion seeking to amend a pleading. It states:

> **LR 15.1 Form of a Motion to Amend and Its Supporting Documentation**
>
> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

Dura did not cite or analyze either Rule 15 or Rule 21 in its motion and supporting briefs. Dura also did not attach a proposed amended complaint to its motion as required by Local Rule 15.1.

Rule 15(a)(2) states that "the court should freely give leave [to amend the complaint] when justice so requires." Rules 15 and 21 have been consistently interpreted to favor granting leave to amend. The Supreme Court has declared that Rule 15's "mandate [of liberally allowing amendments] is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, the Supreme Court held:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so

> requires', this mandate is to be heeded. . . In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant of denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

A district court is free to grant leave to amend a pleading unless there is an apparent or declared reason such as undue delay, bad faith, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Id*.; *Perkins v. American Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001). The "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion. Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Id*. (citations omitted).

Where the scheduling order sets a deadline for adding parties, the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003); *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002). In this case, the Court recently granted the parties three months of additional discovery and so the scheduling order was recently modified. (*See* Opinion Denying Magna's Motion to Strike.)

In *Moore v. City of Paducah*, 790 F.2d 557, 559-562 (6th Cir. 1986), the Sixth Circuit

held that in order to deny leave to amend, the district court must find both undue delay by the party seeking the amendment and a substantial prejudice to the non-movant if leave is granted. The Sixth Circuit stated: "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Id*. at 561; *see also Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003).

After considering the facts before the Court, the Court finds that it is in the interest of justice to grant Dura leave to file an amended Complaint to include the additional Magna Exterior and Interior entities and Magna International, Inc. as defendants in this case. As mentioned above, in *Moore v. City of Paducah*, 790 F.2d 557, 559-562 (6th Cir. 1986), the Sixth Circuit held that in order to deny leave to amend, the district court must find both undue delay by the party seeking the amendment and a substantial prejudice to the non-movant if leave is granted. The Court finds that Magna would not be unduly prejudiced if the Magna entities are added as defendants to this case. Magna does not claim, nor does the Court believe from the circumstances that adding the Magna entities to this case would result in any substantial delay in this case. The same attorneys that are already representing the currently named Magna entity would presumably represent the additional Magna entities sought to be added in this case. The Court also notes that discovery is still on-going between the parties and that any evidence showing which corporate entity, if any, has or is committing the purported wrongs is in Magna's possession or control. To the extent the Magna needs additional discovery on this issue, Magna can use the additional three months of discovery that the Court recently granted on these issues. From the allegations and evidence submitted, the Court finds that Magna would not be unduly prejudiced if the additional Magna Exterior and Interior entities are added to this case.

Given the history of this case, the Court does not find Dura's delay to be substantial or that Dura is seeking to add the additional Magna entities in bad faith or to harass Magna. It appears to the Court that Dura is seeking to add the additional Magna entities simply to make sure that it has named all the entities that are financially responsible. The Court notes that judicial economy favors making sure that all proper defendants are added to this case.

## VI. CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Add Additional Defendants and Change the Case Caption. Dura shall file an amended Complaint within 10 days which shall set forth well pled facts establishing a plausible right to recovery against the additional Magna entities.

**IT IS SO ORDERED.**

Dated: September 30, 2011

s/ Sean F. Cox
Sean F. Cox
U. S. District Judge